**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

_____

|  |  |  |
|---|---|---|
| **TIFFANY KEMP** | ) | **Case Number** |
|  | ) |  |
| **Plaintiff** | ) |  |
|  | ) | **CIVIL COMPLAINT** |
| **vs.** | ) |  |
|  | ) |  |
| **FIRST REVENUE ASSURANCE, LLC** | ) | **JURY TRIAL DEMANDED** |
|  | ) |  |
| **Defendant** | ) |  |

_____

## COMPLAINT AND JURY DEMAND

     **COMES NOW,** Plaintiff, Tiffany Kemp, by and through her undersigned counsel, Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.     INTRODUCTORY STATEMENT

     1.     Plaintiff, Tiffany Kemp (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.     JURISDICTION

     2.     Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.      Venue in this District is proper in that the Defendant transacts business here and maintains a registered office in this District.

### III.    PARTIES

4.      Plaintiff, Tiffany Kemp is an adult natural person residing at 40035 Eaton Street, #104, Canton, MI 48187.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, First Revenue Assurance, LLC, at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the state of Michigan and the Commonwealth of Pennsylvania with its principal place of business located at 4500 Cherry Creek Drive South, Suite 450, Denver, Colorado 80246 and a registered office located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.    FACTUAL ALLEGATIONS

7.      In or around February, 2010, Plaintiff started receiving calls from Defendant's agent, "Barb", collecting on a debt allegedly owed on a Verizon Wireless account for $298.00.

8.      Plaintiff informed the Defendant's agent, "Barb", that she had retained the services of the law firm Persels & Associates, LLC to help aid her in the settling of her

debts and that they should contact them in regards to this matter.

9.     Defendant's agent, "Barb", informed the Plaintiff that they would not work with Persels & Associates.

10.     Defendant stated that they will only work with the Plaintiff.

11.     On or about February 2, 2010, Persels sent a "cease and desist" letter to the Defendant telling them to stop all further communication with the Plaintiff and to contact their firm directly on this matter.  **See Exhibit "A' (letter) attached hereto.**

12.     Defendant continued to call.

13.     In or around March, 2010, Plaintiff received additional calls from Defendant and was told that if she failed to pay on this account that she would be sued.

14.     As of May 11, 2010, Plaintiff was still receiving calls from Defendant demanding payment on the above referenced account.

15.     The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

16.     The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

17.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

18.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

19.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

20.     The above paragraphs are hereby incorporated herein by reference.

21.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

22.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692c(a)(2): After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive

§ 1692c(c):    After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication

§ 1692d:       Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692d(5):    Caused the phone to ring or engaged any person in telephone conversations repeatedly

§ 1692e:      Any other false, deceptive or misleading representation or means in connection with the debt collection

§ 1692e(10):  Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692f:      Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiffs respectfully requests that this court enter judgment in their favor and against Defendant, First Revenue Assurance, LLC and Order the following relief:

a.      Actual damages;

b.      Statutory damages pursuant to 15 U.S.C. §1692k;

c.      Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d.      Such addition and further relief as may be appropriate or that the interests of justice require.

## V.    <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: October 4, 2010**          **BY: <u>/s/Brent F. Vullings</u>**
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff